**Brenda J. SIMS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 79–5085.**

United States Court of Appeals, Sixth Circuit.

Oct. 11, 1979.

Wilfred J. Ritz, Alderson Legal Assistance Program, Lexington, Va., Brenda J. Sims, pro se, for petitioner-appellant.

James R. Williams, U. S. Atty., Diane Rubin Williams, Asst. U. S. Atty., Cleveland, Ohio, John M. Siegel, Shaker Heights, Ohio, for respondent-appellee.

Before WEICK and KEITH, Circuit Judges and PHILLIPS, Senior Circuit Judge.

PER CURIAM.

Petitioner-Appellant Sims pleaded guilty to possession of stolen mail in violation of 18 U.S.C. § 1708, in the United States District Court for the Northern District of Ohio, Eastern Division. The Court suspended imposition of the sentence and placed Sims on probation for two years pursuant to the Federal Youth Corrections Act. 18 U.S.C. § 5010(a). On September 3, 1977 a probation violation warrant was issued and served because of four violations of her probation including a conviction for receiving stolen property. Sims' probation was revoked after a hearing on September 30, 1977. On October 5, 1977 Sims was sentenced to imprisonment for a term of five years which was within the limits authorized by the statute.

Sims contends in this appeal that since the District Court had placed her on probation for only two years, that upon revocation of her probation the District Court was not authorized to sentence her for a period in excess of two years. We disagree.

The applicable statute provides:

18 U.S.C. § 3651.

Upon entering a judgment of conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States when satisfied that the ends of justice and the best interest of the public as well as the defendant will be served thereby, *may suspend the imposition or execution of sentence and place the defendant on probation for such period and upon such terms and conditions as the court deems best.* . . . (emphasis added)

18 U.S.C. § 3653.

As speedily as possible after arrest the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to

serve the sentence imposed, or any lesser sentence, and, *if imposition of sentence was suspended, may impose any sentence which might originally have been imposed.* (emphasis added)

■ The statute clearly authorizes the imposition of any term which could have been originally imposed, regardless of the term of the probation. It was so held in *Roberts v. United States,* 320 U.S. 264, 64 S.Ct. 113, 88 L.Ed. 41 (1943) which explained the difference between the statutory authority of suspending the imposition of sentence and suspending the execution of a sentence already imposed. When the Court sentences a defendant and then suspends the execution of the sentence and places the defendant on probation, then if the probation is later revoked, and the defendant is resentenced, it cannot be for a larger period than originally imposed.

■ When the Court suspends the imposition of sentence and places the defendant on probation, it is authorized, upon revocation of probation to impose any sentence within the limits of statutory authority. Merely placing a defendant upon probation is not a sentence under 18 U.S.C. § 3651. *United States v. Fried,* 436 F.2d 784, 787 (6th Cir. 1971).

■ Sims further contends to increase her punishment after she has begun to serve her sentence places her in double jeopardy in violation of the Fifth Amendment to the Constitution. The trouble with this argument is that she had not begun to serve any sentence. She had not been sentenced. *United States v. Fultz,* 482 F.2d 1 (8th Cir. 1973); *Manley v. United States,* 432 F.2d 1241 (2nd Cir. 1970).

The judgment of the District Court is affirmed.