762 F.2d 1012
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, PLAINTIFF-APPELLEE,
v.
JOHN A. FISHER, DEFENDANT-APPELLANT.
 NO. 84-3096
 United States Court of Appeals, Sixth Circuit.
 3/26/85
 
 On Appeal from the United States District Court for the Northern District of Ohio
 BEFORE: Keith and Jones, Circuit Judges, and Newblatt.*
 PER CURIAM.
 
 
 1
 This is an appeal by the defendant, John A. Fisher, from a judgment entered by the United States District Court for the Northern District of Ohio, finding Fisher to be in violation of the terms of his probation. For the reasons set forth below, the judgment of the district court is affirmed.
 
 
 2
 On January 12, 1983, defendant John A. Fisher was convicted by a jury of three counts of willfully failing to file his federal individual income tax returns for the years 1976, 1977 and 1978 in violation of 26 U.S.C. Sec. 7203. This conviction was appealed to this Court and was recently affirmed. See United States v. Fisher, No. 83-3175 (6th Cir. Feb. 7, 1984).
 
 
 3
 On March 3, 1983, the district court had sentenced the defendant as follows:
 
 
 4
 IT IS ADJUDGED that the defendant is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for a period of one (1) year; the first six (6) months to be served in a jail type or treatment institution, the execution of the remainder of the sentence be suspended and the defendant placed on probation for a period of five (5) years and upon defendant's release from confinement, the defendant be fined the sum of one thousand dollars ($1,000.00) and file proper federal individual tax returns for the years 1976 through 1981 within ninety (90) days of his release from confinement and that he file proper federal individual tax returns for the year 1982, and all succeeding years in a timely fashion as required by law, as to Court I of the information.
 
 
 5
 IT IS FURTHER ADJUDGED that as to Counts II and III of the information the imposition of sentence as to confinement only be suspended as the defendant is placed on probation for a period of five (5) years, said probation to run concurrent as to each count and with each other as well as the suspended portion of sentence in Count I, and that the defendant be fined the sum of one thousand dollars ($1,000.00) as to each of Counts II and III to be paid within ninety (90) days of his release from confinement for a total fine of three thousand dollars ($3,000.00), on condition that the defendant comply with the special terms and conditions of his probation, which is the suspended portion of his sentence as imposed in Count I.
 
 
 6
 IT IS FURTHER ORDERED that during the period of probation the defendant shall conduct himself as a law-abiding, industrious citizen and observe such conditions of probation as the Court may proscribe. Otherwise the defendant may be brought before the court for a violation of the court's orders.
 
 
 7
 Joint Appendix at A-10 (Judgment and Committment Order) (emphasis added).
 
 
 8
 Fisher served the required six month period of incarceration and was released from custody on July 20, 1983, at which time his probation commenced. On November 5, 1983, defendant's probation officer requested a probation violation hearing because Fisher had failed to abide by the terms of his probation. Specifically, it was alleged that defendant had failed: 1) to report to the Probation Department as instructed; 2) to pay a fine of $3,000; and 3) to file proper federal individual income tax returns for the years 1976 through 1982. The district court held a hearing on November 18, 1983, and upon the representations of counsel and the defendant that the defendant wished to comply with the terms of his probation, the court gave the defendant until January 20, 1984, to comply with the conditions of probation.
 
 
 9
 At the hearing on January 20, 1984, the court determined that Fisher had still failed to comply with the terms of his probation in that he had failed to maintain contact with the Probation Department, had failed to pay any of his $3,000 fine, and had not filed proper tax returns for any of the years 1976 through 1982. The court found defendant to be a probation violator and revoked his probation. The court committed defendant to the custody of the Attorney General for the balance of the one year sentence initially imposed on Count I, committed the defendant to the custody of the Attorney General for the statutory maximum of one year on each of Counts II and III, and ordered the sentences to run consecutively.
 
 
 10
 The defendant contends that the district court abused its discretion by imposing, upon revocation of probation, a period of incarceration which was greater than the maximum provided for in the original judgment and sentence. Appellant's Brief at iii. We do not agree.
 
 
 11
 The relevant statute, 18 U.S.C. Sec. 3653, provides that upon a determination that a defendant has violated the terms of his probation, 'the court may revoke the probation and require him to serve the sentence imposed, or any lesser sentence, and, if imposition of the sentence was suspended, may impose any sentence which might originally have been imposed.' The trial court initially suspended the imposition of sentence as to confinement on Counts II and III of the Information. After determining that the defendant violated the terms of his probation, the court exercised its discretion in imposing a sentence 'which might originally have been imposed,' namely the statutory maximum of one year imprisonment on each of Counts II and III. Defendant's contention that the court's action was illegal and an abuse of discretion ignores the express language of the statute and established precedent in this Circuit.
 
 
 12
 The defendant is in error when he states that the trial court did not suspend the imposition of sentences as to confinement on Counts II and III of the Information. See Appellant's Brief at 3. This is precisely what the trial court did. See Joint Appendix at A-10 (Judgment and Committment Order). When the trial court suspends the imposition of sentence, as in this case, the court is authorized to impose any sentence which might originally have been imposed. See Sims v. United States, 607 F.2d 757 (6th Cir. 1979).
 
 
 13
 The defendant confuses the situation at bar, the suspension of imposition of sentence, with the situation in which the court imposes a specific sentence of confinement and suspends the execution of that sentence. In the latter case, the trial court may not subsequently impose a sentence greater than that originally imposed. Roberts v. United States, 320 U.S. 2164 (1943). However, when no sentence has been imposed, and the defendant is placed on probation with respect to that count, then upon revocation of probation the court may impose any sentence which might originally have been imposed. Sims v. United States, 607 F.2d 757 (6th Cir. 1979); United States v. Colvin, 644 F.2d 703 (8th Cir. 1981); United States v. McDonald, 611 F.2d 1291 (9th Cir. 1980).
 
 
 14
 We believe the trial court acted properly in sentencing the defendant following the revocation of his probation. In the six months following the defendant's release from prison he neither paid any of his $3,000 fine, nor filed any of his federal income tax returns for the years 1976 through 1982. When defendant's probation violation was brought to the attention of the court in November 1983, the court gave defendant an additional two months to comply with the terms of probation. Given defendant's continued refusal to comply with the terms of his probation, it can hardly be said the court abused its discretion by imposing the maximum sentence allowed by law.
 
 
 15
 Accordingly, the judgment of the Honorble David D. Dowd, Jr., is hereby affirmed.
 
 
 
 *
 Hon. Stewart A. Newblatt, United States District Court for the Eastern District of Michigan, sitting by designation