841 F.2d 1127
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Joyce B. PAFFORD, Defendant-Appellee.
 No. 87-6040.
 United States Court of Appeals, Sixth Circuit.
 March 3, 1988.
 
 Before DAVID A. NELSON and BOGGS, Circuit Judges, and ALLEN, District Judge.*
 PER CURIAM.
 
 
 1
 Convicted of mail fraud and of having converted money of the United States to her personal use, appellant Joyce Pafford was sentenced to a term of imprisonment on the mail fraud count and was placed on probation in connection with the conversion of funds count. The district court subsequently modified its order, at the request of Ms. Pafford, to let her serve her institutional sentence in a halfway house, thereby enabling her to retain her job. The court also imposed an additional condition of probation, ordering Ms. Pafford to pay back the money she had taken.
 
 
 2
 More than seventeen months later, Ms. Pafford filed a brief in which she asserted, for the first time, that the order requiring her to make restitution was invalid. The court declined to lift the order. Ms. Pafford has appealed, arguing, in essence, that the restitution order violated the Double Jeopardy Clause of the Fifth Amendment, and that even if it did not, both Rule 32.1(b) of the Federal Rules of Criminal Procedure[1] and the Due Process Clause of the Fifth Amendment precluded imposition of the restitution order without a prior hearing.
 
 
 3
 Finding no violation of the Double Jeopardy Clause, and having concluded that Ms. Pafford's objection to the lack of a hearing came too late, we shall affirm the district court's order allowing the restitution requirement to stand.
 
 
 4
 * Ms. Pafford was indicted on 44 counts of mail fraud and converting government money to personal use in violation of 18 U.S.C. Secs. 1341 and 641. She was allowed to plead guilty to one count under each statute, and the government dismissed the remaining counts. The district court sentenced Ms. Pafford to three months imprisonment on the mail fraud count, and it gave her two years probation on the conversion of funds count.
 
 
 5
 Approximately 20 days after she was sentenced, Ms. Pafford filed a motion under Rule 35(b), Fed.R.Crim.P., asking the district court to modify her sentence to allow her to serve her three months in a local halfway house. This, she represented, would make it possible for her to keep a job she had obtained at a department store. The government opposed the motion, but suggested that if the court did let her serve her time in the halfway house in order to keep her job, Ms. Pafford ought to be required to give back the money she had taken and to pay the cost of her court-appointed attorney.
 
 
 6
 On February 6, 1986, without having conducted a hearing on the matter, the court entered an order (1) amending the judgment to let Ms. Pafford serve her three months in a halfway house, and (2) imposing a requirement, as an additional condition of probation, that Ms. Pafford make restitution of $430.19 and pay $500 as reimbursement for attorney fees. Payment was to be made at a rate of not less than $100 a month. More than a year passed without Ms. Pafford making any objection to the new order. Neither did she make any payments.
 
 
 7
 On July 13, 1987, having been advised that Ms. Pafford was withholding payment because her lawyer felt the requirement imposed by the court was illegal, the district court directed Ms. Pafford and her lawyer to file a brief in support of their position. They did so on July 20.
 
 
 8
 On August 6, 1987, having reviewed the brief, the court entered an order revoking the requirement for payment of attorney fees but reaffirming the requirement that Ms. Pafford make restitution of the $438.19 taken from the government. A motion for reconsideration was denied on September 8, 1987. Ms. Pafford filed a timely notice of appeal.
 
 II
 
 9
 The government argues that this court has no jurisdiction to consider the appeal. It is the restitution order of February 6, 1986, that is actually being appealed, according to the government, notwithstanding that the notice of appeal cites the order of September 8, 1987. Because Ms. Pafford failed to perfect an appeal within the ten days after February 6, 1986, says the government, the appeal is untimely under Rule 4(b), Fed.R.App.P. We do not find the government's argument persuasive.
 
 
 10
 The submissions made by Ms. Pafford in her filing of July 20, 1987, and in a subsequent motion for reconsideration, were to the effect that (1) in light of the Double Jeopardy Clause the district court had no authority to increase the severity of the "sentence" on the conversion of funds count when it reduced the severity of the sentence on the mail fraud count, and (2) if such authority did exist, it could only be exercised after a hearing. Ms. Pafford was thus asking the district court to hold that the additional condition of probation (1) was illegal and (2) was imposed in an illegal manner.
 
 
 11
 Prior to amendments that became effective November 1, 1987, Rule 35(a) of the Federal Rules of Criminal Procedure said that "[t]he court may correct an illegal sentence at any time...." There was thus no time limit on requests to correct sentences that were themselves illegal. Rule 35(a) went on to provide, however, that the court could "correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." That time was 120 days: "A motion to reduce a sentence may be made, or the court may reduce a sentence without motion, within 120 days after the sentence is imposed or probation is revoked...." Rule 35(b), Fed.R.Crim.P.
 
 
 12
 The Notes of the Advisory Committee indicate that the distinction between an "illegal sentence" and a "sentence imposed in an illegal manner" was meant to codify the Supreme Court's decision in Hill v. United States, 368 U.S. 424 (1962). In that case the Supreme Court held that a motion under 28 U.S.C. Sec. 2255 for correction of an illegal sentence was not the appropriate way to attack a sentence on the ground that it had been imposed without the defendant having been offered the opportunity, provided for in the rules, to make a statement in his own behalf. The challenge made by the petitioner in Hill was held to be a challenge to the manner in which the sentence was imposed, and not a challenge to the legality of the sentence.
 
 
 13
 The Hill Court indicated, however, that a challenge to the amount of punishment that could be imposed under a statute would be a challenge to the legality of the sentence itself. The Court explained that a sentence would be illegal if either a "jurisdictional" or "constitutional" error had been made-- i.e., if there were "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." 368 U.S. at 428. In holding that the error committed by the trial court in the case before it was not fundamental, the Supreme Court noted that it was "not dealing ... with a case where the defendant was affirmatively denied an opportunity to speak during the hearing at which his sentence was imposed." Id. at 429.
 
 
 14
 Appellant Pafford's argument that the restitution requirement to which she now objects was imposed without a hearing does not suggest that she was affirmatively denied an opportunity to make her views known to the court. Ms. Pafford was represented by court-appointed counsel who had no difficulty in communicating with the court in writing, and if Ms. Pafford had any objection to the Government's suggestion that she ought to be required to return the money she had taken if she were to be sentenced to a halfway house in order to keep her job, there is no apparent reason why that objection could not be brought to the court's attention. Ms. Pafford cites no authority indicating that she had a constitutional right to be heard viva voce, and we are aware of no such authority. At best, Ms. Pafford's claim that she was entitled to be heard in person is a claim that the restitution order was imposed "in an illegal manner" in violation of Rule 32.1(b). Cf. 8A Moore's Federal Practice, p 35.03 (2d ed. 1987); United States v. Sparrow, 673 F.2d 862, 864 (5th Cir.1982); United States v. Katzin, 824 F.2d 234, 237 (3d Cir.1987). More than 120 days having elapsed before Ms. Pafford advanced this claim, the claim was barred by Rule 35. It is for that reason--and not because Ms. Pafford failed to appeal within 10 days after February 6, 1986--that we are foreclosed from considering the merits of the first claim advanced by Ms. Pafford on appeal.
 
 
 15
 Ms. Pafford's claim that the trial court lacked constitutional authority to impose any additional condition, with or without a hearing, is obviously different. It goes to the legality of the "sentence"--assuming, as Ms. Pafford does, that an order imposing probation is a sentence--and under Rule 35 such a claim could be considered by the district court "at any time." 8A Moore's Federal Practice, p 35.03[b] (2d ed. 1987); United States v. Atkins, No. 86-1610, slip op. (5th Cir.1987); United States v. Guevremont, 829 F.2d 423 (3d Cir.1987). Ms. Pafford having taken a timely appeal from the district court's rejection of this claim, it is incumbent upon us to consider whether the district court's action violated the Double Jeopardy Clause.
 
 III
 
 16
 Although the district court did not specifically cite the Double Jeopardy Clause, it addressed the issue as follows:
 
 
 17
 "The court never increased defendant's sentence. To the contrary, on each occasion that the original judgment was modified, it was reduced. Although restitution was added as a condition of probation, that was not an 'increase in sentence'. Adding a condition to probation is not an increase in sentence."
 
 
 18
 The district court's reasoning is in harmony with our decision in Sims v. United States, 607 F.2d 757 (6th Cir.1977), where we held that revocation of probation and imposition of a sentence longer than the probation period did not violate the Double Jeopardy Clause. As the Supreme Court explained in United States v. DiFrancesco, 449 U.S. 117, 139 (1980), the Double Jeopardy Clause does not prohibit all multiple punishments; only multiple punishments that violate the "expectation of finality" inherent in the statutory framework pose a double jeopardy problem.
 
 
 19
 An analysis of three Supreme Court decisions will illuminate the contours of the finality doctrine. In North Carolina v. Pearce, 395 U.S. 711 (1969), the Supreme Court held that in resentencing a defendant who had been retried after reversal of a previous conviction, the trial court was obligated to give the defendant credit for time served under the invalid conviction. The statutes gave the defendant an expectation that he would be sentenced to a certain punishment, and exacting greater punishment would violate the Double Jeopardy Clause, the court held. Eleven years later, in DeFrancesco, supra, the statutory framework was held not to give the defendant any expectation that the government would seek no increase in sentence in light of his classification, by virtue of prior convictions, as a "dangerous special offender" under the Organized Crime Control Act of 1970. Finally, in Pennsylvania v. Goldhammer, 474 U.S. 28 (1985), the Supreme Court held that the Double Jeopardy Clause did not necessarily bar Pennsylvania from revoking an individual's probation on one charge and imposing a sentence on that charge after his sentence on another charge was declared invalid. The Supreme Court nevertheless remanded the case for consideration of the defendant's expectations under the state statutory framework.
 
 
 20
 We see no violation of Ms. Pafford's reasonable expectations in the case at bar. Under 18 U.S.C. Sec. 3651 (which was repealed effective November 1, 1987), a district court could at any time "revoke or modify any condition of probation, or ... change the period of probation." Probation thus did not have the degree of finality that a sentence of imprisonment would have. See DiFrancesco, supra, 449 U.S. at 137. One of the purposes of a true "sentence" is punishment. Probation, on the other hand, is not intended as punishment; it is a form of relief from punishment. The district court did not act unreasonably in deciding that if Ms. Pafford were going to be let out of prison so she could work, it would be appropriate that she be required, as a condition of probation, to pay back the money she had taken. As changes occur in the circumstances of one who has been convicted of a crime, reasonable changes may be made in the terms of the person's probation. It is immaterial that the relief obtained by Ms. Pafford when the trial court decided to let her go to the halfway house happened to relate to her conviction on a count other than the one for which she had been put on probation; the salient fact was that she was going to be allowed to hold a job. With that highly significant change in her circumstances, we see nothing unconstitutional about the court's having made an appropriate and non-punitive adjustment in the terms of her probation. See United States v. Briones-Garza, 680 F.2d 417, 424 (5th Cir.), cert. denied, 459 U.S. 916 (1982).
 
 
 21
 The decision of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Charles M. Allen, United States District Judge for the Western District of Kentucky, sitting by designation
 
 
 [1]
 The first sentence of Rule 32.1(b) provides as follows:
 "A hearing and assistance of counsel are required before the terms or conditions of probation can be modified, unless the relief to be granted to the probationer upon the probationer's request or the court's own motion is favorable to the probationer, and the attorney for the government, after having been given notice of the proposed relief and a reasonable opportunity to object, has not objected."