861 F.2d 721
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael Lane LANDRIE, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 88-3277.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1988.
 
 Before KEITH, RALPH B. GUY, Jr. and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This pro se federal prisoner appeals the denial of his petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a plea of guilty to a charge of receiving a firearm after conviction of a felony, Landrie was sentenced in February 1982, to five years imprisonment, with a provision that after serving six months, the remainder of the sentence would be suspended and he would be released on probation. After violating probation in October 1984, the original sentence was reinstated. Petitioner is currently on parole from that sentence, and has been served with a parole violation warrant. He argued that his status as a parolee should have ended in July 1987, based on the maximum penalty for this crime proscribed in 18 U.S.C. Sec. 924, and that his continued parole status is a violation of the prohibitions against involuntary servitude and double jeopardy. Petitioner would have this court overturn a long-standing holding that time spent on probation cannot be credited towards a sentence reimposed after revocation of probation. Allen v. United States, 209 F.2d 353 (6th Cir.1953), cert. denied, 347 U.S. 970 (1954). See also Roberts v. United States, 320 U.S. 264, 267 (1943).
 
 
 3
 Upon consideration, we conclude that petitioner's arguments are based on a misreading of 18 U.S.C. Sec. 924, which sets a maximum penalty of imprisonment for not more than five years. Moreover, Congress has provided that upon revocation of probation, the court may "require him [the petitioner] to serve the sentence imposed, or any lesser sentence, and, if imposition of sentence was suspended, may impose any sentence which might originally have been imposed." 18 U.S.C. Sec. 3653 (1985) (repealed effective Nov. 1, 1987 for crimes committed after that date, 98 Stat. 1987 (1984). Thus, the district court was correct in holding that petitioner has no constitutional right to count the time spent on probation towards his sentence of imprisonment. See Sims v. United States, 607 F.2d 757 (6th Cir.1979) (upholding imposition of longer sentence which was within the statutory maximum following revocation of probation).
 
 
 4
 Therefore, the judgment of the district court denying habeas relief is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.