**UNITED STATES of America, Plaintiff,**

v.

**Thomas E. BARNES, Defendant.**

**No. CR–3–89–025.**

United States District Court,
E.D. Tennessee, N.D.

June 14, 1989.

John W. Gill, U.S. Atty. and J. Edgar Schmutzer, Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Janie Duncan, Knoxville, Tenn., for defendant.

## MEMORANDUM OPINION

JORDAN, District Judge.

This is an appeal from an Order of the United States Magistrate, sitting in Gatlinburg, Tennessee, in which the defendant Thomas E. Barnes was sentenced to confinement on punitive status for four (4) months in the Midway Rehabilitation Center, Knoxville, Tennessee. [Doc. 14.] The Order, entered on April 13, 1989, found that the defendant had violated the terms and conditions of his probation and revoked the defendant's probation. [Doc. 12.] The appeal is brought to this Court pursuant to 18 U.S.C. § 3742(a), (f), and (g) (Supp.1989), and Rule 7(b), Rules of Procedure for the Trial of Misdemeanors before the United

States Magistrates. The scope of appeal does not entitle the defendant to a trial *de novo.* Rule 7(e), Rules of Procedure for the Trial of Misdemeanors; 18 U.S.C. § 3742(g).

On November 20 and 21, 1987, the defendant was cited for two violations: (1) Public intoxication under 36 C.F.R. § 2.35 on November 20; and (2) failure to control a motor vehicle under 36 C.F.R. § 4.22 on November 21. The defendant failed to appear before the Magistrate on the hearing date, December 17, 1987, and a summons was issued for his appearance on January 28, 1988, which date was reset for February 18, 1988. On February 18, the defendant appeared before the Magistrate and entered a plea of guilty as to each count; a sentencing hearing was set for April 21, 1988. The sentencing hearing was held in due course and the defendant was fined and assessed a total of $175.00 and placed on one year's conditional probation, with imposition of a sentence of confinement specifically reserved. As a condition of probation, the defendant was ordered to attend counseling sessions with Smokey Mountain Mental Health. A probation officer reported on November 18, 1988, that the defendant failed to continue counseling and had kept only two appointments with the counselor, attending counseling sessions on April 21, 1988, and May 19, 1988, but missing appointments on June 28, July 21, and September 29, 1988.

On November 28, 1988, a petition for probation action was received by the Magistrate and a summons was issued for the defendant's appearance to show cause why his probation should not be revoked. Originally set for January 5, 1989, the defendant appeared and requested that the hearing be rescheduled; the case was reset for February 2, 1989, at which time the defendant failed to appear and a warrant was issued for his arrest. On March 3, 1989, the defendant was arrested in North Carolina. The defendant posted a surety bond and was released on March 7, 1989, with the case set for a hearing on April 6, 1989. On April 6, the defendant again failed to appear and on the same day was arrested in North Carolina. The following day, the

defendant was voluntarily removed to the Eastern District of Tennessee and was held without bond. An Order entered on April 7, 1989 [Doc. 10], reflects that Mr. Barnes was aware of the petition for probation action and requested appointment of counsel; the Magistrate specifically found that the defendant presented a risk of flight, having failed to appear on several occasions, and set the matter for April 13, 1989. The defendant appeared with counsel on that date and the Magistrate found that the defendant had violated the terms and conditions of his probation; the defendant was sentenced to four (4) months confinement under punitive status at Midway Rehabilitation Center [Doc. 12] and his probation was terminated. A notice of appeal was duly filed [Doc. 14].

On appeal, the defendant assigns three errors regarding his sentencing: (1) That the original order of probation was not authorized by statute; (2) that the revocation proceedings and the subsequent revocation of the defendant's probation were not authorized by statute and were not based on a valid order of probation; and (3) the sentence of four (4) months was the result of unlawful proceedings and failed to credit the more than fifty (50) weeks defendant spent on probation in violation of the double jeopardy and due process clauses of the United States Constitution. [Docs. 15, 18.] The United States has filed its responses. [Docs. 17, 19.]

## I. *Authority of Magistrate to Order and Revoke Probation*

The defendant contends that since the authority to order probation is exclusively statutory and that because the language of 18 U.S.C. §§ 3561 and 3565 applies only to offenses that violate federal statutes, the defendant's violations of regulations promulgated by the Secretary of the Interior under 16 U.S.C. § 3 were not eligible for probation and thus the original order of probation, its subsequent revocation, and the sentence itself were not legal. The defendant argues that neither of his offenses are explicitly described by any federal statute and thus under the recently

revised language of 18 U.S.C. § 3551 the defendant could not be placed on supervised probation.

The defendant's position is not supported by the statutory provisions, which must obviously be read *in pari materia.* Under 16 U.S.C. § 3, Congress has authorized the Secretary of the Interior to "make and publish such rules and regulations" as required for the use and management of federal reservations within the jurisdiction of the National Park Service, "and any violation of any of the rules and regulations authorized by this section ... shall be punished by a fine of not more than $500.00 or imprisonment for not exceeding six months or both...." No dispute exists that the defendant was convicted upon his pleas of guilty for violations of regulations properly promulgated under this statute and that he would therefore be subject to the appropriate statutorily authorized penalties. Moreover, the law is settled that "regulations published in the Code of Federal Regulations 'have the force and effect of law,'" *Moody v. United States,* 774 F.2d 150, 156 (6th Cir.1985) (citation omitted), and therefore the attempted distinction drawn by the defendant between regulations and statutes is meritless in this case; a violation of the regulation is a violation of the statute for this purpose. Regardless, since the Magistrate clearly had the authority initially upon accepting the defendant's plea to sentence the defendant to a period of confinement, the defendant's position seems somewhat ironic. In effect, the defendant is contending that the Magistrate could have only sentenced and fined him, but did not have the authority to place him on probation. In other words, he would have no complaint if the Magistrate had sentenced him in the first instance, subjecting him to harsher treatment than he received by being placed on probation, which strikes the Court as a rather absurd notion.

Further, 18 U.S.C. § 3561(a)(2) provides that "[a] defendant who has been found guilty of an offense may be sentenced to a term of probation unless ... the offense is an offense for which probation has been expressly precluded...." Probation has not expressly been precluded for the of-

fenses committed by the defendant and thus the provisions of 18 U.S.C. §§ 3561, *et seq.* (probation), are applicable. Under 18 U.S.C. § 3561(b)(2), a term of probation for a misdemeanor may be as long as five years. The sentencing court may impose conditions of probation pursuant to section 3563(b), including subsection (b)(10) that the defendant "undergo available medical, psychiatric, or psychological treatment, including treatment for drug or alcohol dependency...." Any sentence of probation is conditional and subject to revocation until the expiration of its term. 18 U.S.C. § 3564(e). If a condition of probation is violated "at any time prior to the expiration of termination of the term of probation, the court may ... revoke the sentence of probation and impose any other sentence that was available ... at the time of the initial sentencing," 18 U.S.C. § 3565(a)(2), which provision makes manifest the authority of the sentencing court to impose a period of confinement that would extend beyond the term of probation as long as that sentence would have been authorized initially. Significantly, however, 18 U.S.C. § 3565(c) (Supp.1989) leaves no doubt that such authority exists, expressly stating that "[t]he power of the court to revoke a sentence of probation for a violation of a condition of probation, and to impose another sentence, extends beyond the expiration of the term of probation for any period reasonably necessary for the adjudication of matters arising before its expiration if, prior to its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." That is essentially what occurred in this case. The Court, therefore, concludes that the defendant's first two assignments of error are without merit.

## II. *Double Jeopardy and Due Process*

■ The defendant next contends that because his sentence extended his punishment beyond the one-year period of probation and did not credit him with the time he spent on probation (about fifty-one (51) weeks), he has been subjected to a denial of due process and to double jeopardy. Before addressing the defendant's legal con-

tentions, the Court observes that the defendant violated the terms of his probation shortly after being placed on probation and failed to appear for revocation hearings until arrested and confined to assure his appearance, and thus any delay in sentencing was due to his own dilatory or evasive actions; moreover, as a practical matter, the defendant was not on probation during the entire period because he did not comply with its conditions. If the Court were to accept the defendant's arguments, a person could be placed on probation, violate its terms and conditions, then evade capture as long as possible, and effectively disable the sentencing court from imposing a sentence any longer than the duration remaining on the original probation period.

The defendant relies on *United States v. Jones,* 722 F.2d 632 (11th Cir.1983), to contend that because probation is a sentence, the addition of four (4) months to the original period of probation violates the double jeopardy clause of the United States Constitution. *Jones* has no application to the circumstances of this case. In *Jones,* the defendant had already received a sentence of confinement, not probation, although he had not yet begun to serve it. *Id.,* at 635–636. In this case, however, a sentence of confinement was reserved by the Magistrate. In addition, unlike *Jones,* this defendant violated the terms of his probation and evaded answering to the sentencing court for his noncompliance. Assuming for argument that probation is a form of sentencing, as the Court of Appeals stated in *Jones,* "[f]or the purpose of determining the legitimacy of a defendant's expectations [as to the duration of his sentence], we draw a distinction between one who intentionally deceives a sentencing authority or thwarts the sentencing process and one who is forthright in every respect." *Id.,* at 638.

This case is squarely on point with *Sims v. United States,* 607 F.2d 757 (6th Cir. 1979), in which the defendant made the argument that the period of confinement imposed upon revocation of probation could not exceed that originally imposed as the duration of probation itself. *Id.,* at 758. As previously discussed, under the statutes authorizing probation, the Magistrate had the authority to suspend imposition of a sentence of confinement and to place the defendant on probation. "The statute clearly authorizes the imposition of any term which could have been originally imposed, regardless of the term of probation." *Id.,* at 759. The double jeopardy argument was rejected in *Sims.* As the Sixth Circuit went on to note, "[m]erely placing a defendant on probation is not a sentence under 18 U.S.C. § 3651 [now 18 U.S.C. § 3551]." *Id.* (citation omitted).[1] Without more evidence of congressional intent, this Court does not find that the replacement of 18 U.S.C. § 3651 with 18 U.S.C. § 3551 changed the application of these legal principles. The defendant's sentence was within the range allowed by statute and regulation for his offenses. *See Fiore v. United States,* 696 F.2d 205, 210 (2d Cir.1982). The Court, therefore, finds that the third assignment of error has no merit.

Accordingly, the Court AFFIRMS the decision and sentence of the Magistrate.

---

1. Although *Smith v. United States,* 505 F.2d 893 (5th Cir.1974), does hold that probation is a form of sentencing, *id.,* at 895, that court nevertheless reached a result consistent with *Sims.*

Further, this Court is bound by the law of the Sixth Circuit in any case. *See also United States v. Fried,* 436 F.2d 784, 787 (6th Cir.1971).