724 F.Supp. 286 (1989)
UNITED STATES of America, Plaintiff/Appellee,
v.
Allan W. DUNCAN, Defendant/Appellant.
Crim. A. No. 89-96-JRR.
United States District Court, D. Delaware.
November 9, 1989.
Thomas V. McDonough, Asst. U.S. Atty., Wilmington, Del., for plaintiff/appellee.
Kevin J. O'Connell, Wilmington, Del., for defendant/appellant.

MEMORANDUM OPINION
ROTH, District Judge.
On October 31, 1989, the Defendant/Appellant ("Appellant") filed an appeal in this *287 Court of the Memorandum Opinion and accompanying Order issued on October 23, 1989, by United States Magistrate Sue L. Robinson in Magistrate Case No. 88-151M. The Appellant also filed a motion for expedited appeal. This Court granted Appellant's motion for expedited appeal, and the Plaintiff/Appellee ("Appellee") submitted a responding brief regarding the appeal.
This Court having reviewed the Magistrate's Memorandum Opinion and accompanying Order, and the briefs submitted by the parties, hereby affirms the Memorandum Opinion and accompanying Order, and dismisses Appellant's appeal of that Opinion and Order. This affirmance is based on the reasoning stated in the Magistrate's Memorandum Opinion, which provides cogent analysis of the principles governing application of the Assimilative Crimes Act, 18 U.S.C. § 13, and which is in no way clearly erroneous or contrary to the law.

FACTS
On June 28, 1988, Appellant entered a plea of guilty in Magistrate Case No. 88-151M to the charge of reckless driving, alcohol-related, as provided in 21 Del.C. § 4175. This charge was issued to Appellant by law enforcement officers at the federal facility comprising Dover Air Force Base, Dover, Delaware, on or about June 4, 1988. The Magistrate accepted the plea and imposed a sentence of eighteen (18) months probation with a number of conditions of probation.
On October 18, 1989, before termination of the eighteen month probationary period, the United States probation officer assigned to supervise Appellant's probation submitted a Petition for Probation Action requesting arrest of the Appellant to determine if he had violated the probation conditions. Upon a finding of probable cause, an arrest warrant was issued and executed. At a preliminary hearing on October 19, 1989, and a revocation hearing on October 23, 1989, counsel for Appellant argued that the alleged violation of probation conditions occurred after termination of the twelve (12) months maximum period of probation provided for under an applicable state statute, 11 Del.C. § 4333, and that this state probation term was required to be applied under the Assimilative Crimes Act, 18 U.S.C. § 13. The Magistrate rejected this argument, determined that Appellant had violated the conditions of probation, and issued the October 23, 1989, Memorandum Opinion and accompanying Order, which committed the Appellant to the custody of the United States Bureau of Prisons for a term of thirty (30) days, pursuant to 18 U.S.C. § 3562(a)(2) and 21 Del.C. § 4175, for violation of probation conditions.

DISCUSSION
The Assimilative Crimes Act provides for the adoption of state criminal laws into the federal law governing conduct within federal "enclaves," such as the Dover Air Force Base, Dover, Delaware, involved in the present action. State criminal laws regarding the definition of substantive offenses and the prescribed extent of penalties may be assimilated into the applicable federal law as "gap filling" measures. Williams v. United States, 327 U.S. 711, 717, 66 S.Ct. 778, 781, 90 L.Ed. 962 (1946); United States v. Sain, 795 F.2d 888, 890-91 (10th Cir.1986). This permissible assimilation is qualified by an important exception that the Magistrate's Memorandum Opinion correctly determined to be applicable to the present case. The principle of assimilation "is subject ... to an exception in cases where it is sought to have assimilated into federal law a state penal statute or portion thereof which is in conflict with federal policy as expressed by the Constitution, acts of Congress or by valid administrative regulations having the force of law." United States v. Kendrick, 636 F.Supp. 189, 191 (E.D.N.C.1986); accord United States v. Sharpnack, 355 U.S. 286, 292-93, 78 S.Ct. 291, 295-96, 2 L.Ed.2d 282 (1958) (Assimilative Crimes Act not applicable when state criminal statute pre-empted by federal law); United States v. Pinto, 755 F.2d 150, 154 (10th Cir.1985) (same).
This exception applies to the present case because the applicable state statutes regarding probation, 11 Del.C. §§ 4332-4334, exist separate from the applicable state statute regarding the substantive elements of the offense for which the Appellant was *288 charged, 21 Del.C. § 4175. The state probation statute was therefore pre-empted by the applicable policies expressed in the federal probation statutes, 18 U.S.C. §§ 3561-3566, and the Magistrate correctly applied the provisions of the federal statutes to set a probation period of eighteen months. See Pinto, 755 F.2d at 154 (although state statute prescribing term of years of imprisonment should be assimilated, state statute prescribing conditions and eligibility for release on parole is pre-empted by federal correctional policy and must not be assimilated); United States v. Vaughan, 682 F.2d 290, 294-95 (2d Cir.) (same), cert. denied, 459 U.S. 946, 103 S.Ct. 261, 74 L.Ed.2d 203 (1982); United States v. Smith, 574 F.2d 988, 992 (9th Cir.) (same), cert. denied, 439 U.S. 852, 99 S.Ct. 158, 58 L.Ed.2d 156 (1978); United States v. Brotzman, 708 F.Supp. 713, 714-15 (D.Md.1989) (federal administrative regulations permissibly assimilated state law regarding substantive motor vehicle offenses without assimilating related state penalty provisions due to existent federal penalty regulations); Kendrick, 636 F.Supp. at 191-92 (state statute prescribing maximum term of imprisonment can be assimilated only to extent consistent with otherwise applicable federal law).
The provisions of the federal probation statutes, 18 U.S.C. §§ 3561-3566, applied by the Magistrate in the present action, are part of the comprehensive federal sentencing scheme established under the federal Sentencing Reform Act of 1984, Pub.L. No. 98-473, §§ 211-239, 98 Stat. 1837, 1987-2040. The primary purpose of this federal sentencing scheme is to establish uniformity in the administration of correctional policy by the federal courts. The Magistrate's application of the provisions of the federal probation statute in the present action served to effectuate this policy in the same manner that the courts cited above required pre-emption of state correctional policies by the applicable federal policies.

CONCLUSION
The Magistrate's October 23, 1989, Memorandum Opinion and accompanying Order are hereby affirmed. An appropriate order will follow.