983 F.2d 1058
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Leo HOBBS, Defendant-Appellant.
 No. 92-5452.
 United States Court of Appeals,
Fourth Circuit.
 Argued: December 4, 1992
Decided: January 15, 1993
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Albert V. Bryan, Jr., Senior District Judge. (CR-92-194-A)
 ARGUED: Stephen Andrew Armstrong, Falls Church, Virginia, for Appellant.
 Sherrie Scott Hardwick, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 ON BRIEF: Norman A. Caron, Falls Church, Virginia, for Appellant.
 Richard Cullen, United States Attorney, Julie Ann Blink, Assistant United States Attorney, Janet Whehl Reincke, Assistant United States Attorney, Alexandria, Virginia, for Appellee.
 E.D.Va.
 Affirmed in part, vacated in part, and remanded.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Appellant, Leo Hobbs, appeals his conviction and sentence for creating a loud and unusual noise which impeded or disrupted the performance of official duties by government employees in violation of 41 C.F.R. § 101-20.305. We affirm Hobbs' conviction and all of his sentence, except the $10 special assessment, which we vacate and remand with instructions to the district court to impose a $5 special assessment.
 
 
 2
 * On December 20, 1991, Hobbs, an employee with the Human Resources Section of the Department of the Interior (DOI), was informed by his supervisor, Tina Calvert, that he was being transferred to the DOI's Law Enforcement Section. Calvert then gave Hobbs "a letter of termination for the detail." Joint Appendix (J.A.) at 15. Upon receipt, Hobbs tore up the letter of termination and discarded it on the floor. Despite his transfer, Calvert informed Hobbs that he could attend the DOI's Christmas party later that day.
 
 
 3
 At the party, Hobbs sat next to Carolyn McGuire, a DOI employee. Hobbs asked McGuire whether she had heard that he had been transferred. At this point, McGuire noticed that Hobbs was becoming angry and suggested that they continue the conversation in a small room down the hall. Once inside the room, Hobbs told McGuire "I'm not going back to law enforcement, I'll take them all down with me...." J.A. at 68. McGuire told Hobbs to wait in the room. McGuire then went to tell Calvert what occurred. When McGuire returned, Hobbs had already returned to the Christmas party. Upon returning to the party, Hobbs flipped over four buffet tables covered with food. Joseph Camp testified that Hobbs' table flipping created a "loud crash." J.A. at 32.
 
 
 4
 On January 16, 1992, Hobbs was charged in a criminal information with creating a loud and unusual noise which impeded or disrupted the performance of official duties by government employees in violation of 41 C.F.R. § 101-20.305. After a bench trial before a United States Magistrate Judge, Hobbs was convicted. The magistrate judge sentenced Hobbs to: (1) a $200 fine; (2) one year of unsupervised probation; (3) undergo mental health counseling; and (4) a $10 special assessment. After a hearing, the district court affirmed Hobbs' conviction and sentence.
 
 
 5
 Hobbs noted a timely appeal to this court.
 
 II
 
 6
 Hobbs raises numerous issues on appeal, but only the attack of his sentence warrants consideration. With respect to his sentence, Hobbs asserts that his sentence exceeds the maximum allowed under law. Specifically, Hobbs contends that the only sentence permissible for a violation of 41 C.F.R. § 101-20.305 is a $50 fine or thirty days imprisonment, or both, citing 40 U.S.C. § 318c. We disagree.
 
 
 7
 Originally enacted in 1948, 40 U.S.C. § 318a grants to the Administrator of General Services or his authorized representative authority "to make all needful rules and regulations for the government of the property under their charge and control, and annex to such rules and regulations such reasonable penalties, within the limits prescribed by section 318c of this title...." Concomitant with the enactment of § 318a, Congress also enacted section 318c, which provides in pertinent part:
 
 
 8
 Whoever shall violate any rule or regulation promulgated pursuant to section 318a ... shall be fined not more [than] $50 or imprisoned not more than thirty days, or both.
 
 
 9
 At first blush, Hobbs' argument appears to have merit. However, with the advent of the Sentencing Reform Act of 1984, Section 318c was superseded by the certain provisions of Title 18.
 
 
 10
 Most notably, 18 U.S.C. § 3551(a) provides in pertinent part:
 
 
 11
 Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute ... other than an Act of Congress applicable exclusively in the District of Columbia or the Uniform Code of Military Justice, shall be sentenced in accordance with the provisions of this chapter ....
 
 
 12
 (Emphasis added). Thus, § 3551(a) mandates that an individual convicted of a crime under any federal statute must be sentenced in accordance with Chapter 227 of Title 18 unless the statute specifically provides that Chapter 227 does not apply or the law is an Act of Congress and is applicable exclusively in the District of Columbia or the Uniform Code of Military Justice. Because none of the exceptions to § 3551's sweeping applicability apply in this case, Chapter 227 of Title 18 applies to Hobbs. We glean no authority to alter our view of an otherwise clear legislative mandate.
 
 
 13
 Under Chapter 227 of Title 18, a violation of 41 C.F.R. § 10120.305 is a Class C misdemeanor. 18 U.S.C. § 3559(a)(8). Applying the provisions of Chapter 227 to a Class C misdemeanor, we conclude that the probation, mental health counseling, and the $200 fine imposed upon Hobbs were not in violation of the law or plainly unreasonable under 18 U.S.C. § 3742(a)(1) or (4). See 18 U.S.C. § 3561 (probation for Class C misdemeanor cannot exceed five years); 18 U.S.C § 3563(b)(10) (probation for Class C misdemeanor can include mental health treatment); and 18 U.S.Cs 3571 (fine for Class C misdemeanor cannot exceed $5,000).* However, the $10 special assessment imposed exceeded the amount allowed under law and should be reduced to $5. See 18 U.S.C. § 3013(a)(1)(A)(i) ($5 special assessment for a Class C misdemeanor).
 
 III
 
 14
 For the reasons stated herein, we affirm Hobbs' conviction and all of his sentence except the $10 special assessment, which we vacate and remand with instructions to the district court to impose a $5 special assessment.
 
 
 15
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED WITH INSTRUCTIONS
 
 
 
 *
 Section 3571(e) imposes an independent limitation on the amount of a fine that can be imposed by the district court under Chapter 227 of Title 18. That section provides:
 If a law setting forth an offense specifies no fine or a fine that is lower than the fine otherwise applicable under this section and such law, by specific reference, exempts the offense from the applicability of the fine otherwise applicable under this section, the defendant may not be fined more than the amount specified in the law setting forth the offense.
 18 U.S.C. § 3571(e) (emphasis added). Section 3571(e) is not applicable here because 40 U.S.C. § 318c does not exclude the applicability of § 3571 by specific reference.