FILED

**NOT FOR PUBLICATION**

NOV 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10037 |
| Plaintiff-Appellee, | D.Ct. No. 2: 09 cr-01314-GMS |
| v. | |
| PATRICK K. MORAN, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted November 2, 2010[**]
San Franscisco, California

Before: GOULD, CALLAHAN, Circuit Judges, and KORMAN, District Judge.[***]

On October 24, 2008, an officer of the United States Department of Veterans

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Edward R. Korman, Senior United States District Judge, Eastern District of New York, sitting by designation.

1

Affairs cited defendant Patrick K. Moran for four class B misdemeanor offenses: disorderly conduct, 38 C.F.R. 1.218(b)(11); unauthorized possession of an incapacitating liquid, 38 C.F.R. 1.218(b)(40); possession of knives, 38 C.F.R. 1.218(b)(39); and distribution of pamphlets, 38 C.F.R. 1.218(b)(21). After a bench trial, the U.S. magistrate judge found the defendant guilty of three of the misdemeanor offenses: disorderly conduct; unauthorized possession of an incapacitating liquid; and distribution of pamphlets. The citation for the possession of knives had been dismissed before trial.

On October 8, 2009, the U.S. magistrate judge sentenced the defendant to five years probation. A fine was not imposed because the defendant apparently did not have the means to pay it. Unhappy with this disposition, the defendant appealed the probationary sentence to the district court. On the appeal, he challenged the validity of the sentence on the ground that he could not be incarcerated if he violated the conditions of probation. This argument derived from the fact that prior to trial the U.S. Attorney had informed the U.S. magistrate judge that imprisonment for the charged offenses would not be sought, and therefore Moran was denied counsel. Consequently the defendant could not be sentenced to a term of imprisonment, *Argersinger v. Hamlin*, 407 U.S. 25, 37 (1972), nor could imprisonment be imposed as a sanction for a probation violation. *United States v. Foster,* 904 F.2d 20, 21 (9th

Cir. 1990). The district judge rejected the defendant's appeal and affirmed the sentence of five year's probation. The defendant now appeals from that order.

The defendant again argues that the probationary sentence is "illegal," because he cannot be sentenced to a term of incarceration if he violates any of the conditions of probation. Moreover, he argues that such a sentence creates a "potential for prejudice." Specifically, he suggests that "[i]f the defendant enters the criminal justice system in the future, his record will reflect a violation of probation and may be considered by the court in future sentencings." Such consideration, he argues, would be unfair because "the court will not necessarily be aware that a hybrid form of probation which carried no 'incentive' of good performance was previously imposed upon the defendant." These claims are frivolous.

Passing over the fact that a defendant is legally obligated to comply with the conditions of probation, a circumstance that should provide good reason for him to do so, the very fact that a violation of those conditions could affect a subsequent sentence, if the defendant committed another crime, *see, e.g.*, U.S. Sentencing Guidelines Manual § 4A1.1(d) (2009), should provide an incentive for him to comply with the conditions of probation notwithstanding the fact that he could not be incarcerated for noncompliance. Indeed, when he imposed the sentence of probation, the United States magistrate judge specifically informed the defendant that future

courts would consider whether he complied with the conditions of probation in determining whether he would be released pending trial. Thus, he told the defendant that the violation "becomes part of one's record" and that "when I sit in the decision-making capacity as a judge and I evaluate past conduct of defendants, in particular with respect to whether or not they can be released during the time that they are pending trial, one of the things I look to is whether or not they have a past track record of complying with their terms of probation."

Nor is there any merit to the argument that the probationary sentence is "illegal." Congress specifically authorized the term of probation that was imposed on the defendant here. 18 U.S.C. § 3561 (2009). Contrary to the defendant's argument, the fact that he "cannot not receive imprisonment upon revocation" does not violate "the statutory mandate that imprisonment be an available remedy upon revocation." There is no such all-encompassing statutory mandate. Imprisonment for a violation of probation is mandated in only four instances: when the probationer (1) possess controlled substances; (2) possesses firearms; (3) refuses to comply with drug testing; or (4) fails a drug test three times within a year. 18 U.S.C. § 3565(b) (2009). The fact this mandate could not be complied with here, assuming such a violation were to take place, provides no basis for concluding that the sentence was "illegal." *See United States v. Wilson*, 281 F. Supp. 2d 827, 833 (E.D. Va. 2003), *aff'd sub nom. United*

*States v. Pollard*, 389 F.3d 101 (4th Cir. 2004).

Moran cites no case that supports his contention that a sentence of probation is illegal where the defendant, because he was denied counsel, cannot be sentenced to imprisonment.  Even in *Foster*, which defendant relies upon and quotes at length, this court found no fault with the underlying sentence of probation even though Foster had been denied counsel at trial.  904 F.2d at 21-22.  Defendant has not demonstrated any legal error in his sentence.

**AFFIRMED**.