Michael J. Frank, United States Magistrate Judge
This cause is before the court on the defendant's "Motion for Reconsideration/Objection to Sentence." (Doc. 28). For the reasons set forth below, this court denies the motion and overrules the objection.
I. Procedural Background
On February 12, 2018, the United States Attorney for the Northern District of Florida charged defendant Charles F. Leekley ("Leekley"), in a two-count information. Count one charged Leekley with operating a motor vehicle while under the influence of an alcoholic beverage or controlled substance, in violation of Section 316.193 of the Florida Statutes, and Title 18, United States Code, Sections 7 and 13. Count two charged him with driving a motor vehicle in excess of the posted speed limit, in violation of Section 316.183, Florida Statutes, and Title 32, Code of Federal Regulations, Section 634.25. (Doc. 1).
On December 12, 2018, Leekley and his attorney appeared for a change of plea hearing. The government orally moved to amend count one of the information to charge Leekley with careless driving, in violation of Fla. Stat. § 316.1925. This court granted the motion to amend. Count two was not amended.
During the plea hearing, Leekley was advised of the maximum penalties of the *1322 charged offenses. Specifically, this court advised Leekley that count one carried the following maximum penalties: (1) thirty days of imprisonment; (2) a fine of $ 5,000; (3) five years of probation; and (4) a $ 5 special assessment. When asked if he understood that these were the maximum penalties, Leekley replied in the affirmative. Leekley's attorney likewise confirmed that she had advised Leekley that he faced these penalties.
At the plea hearing, Leekley's attorney did not object or claim that this court erroneously stated the maximum penalties. Rather, Leekley's attorney simply requested that the court not incarcerate Leekley and instead impose only a fine. The government concurred in this request. This court reminded Leekley that, regardless of his attorney and the government's request, this court could impose any sentence that did not exceed the maximum penalties set by statute and regulation. Leekley indicated that he understood this.
During the plea hearing, the government orally stated the facts that it was prepared to prove in the event the case proceeded to trial. Among other things, the government noted that it could establish that, on or about November 23, 2017, police officers observed Leekley failing to maintain his lane while traveling "at a high rate of speed." When the officers paced Leekley's car, Leekley was driving approximately 58 miles per hour in a zone which had a posted speed limit of 45 miles per hour. Under oath, Leekley agreed that the material facts stated by the government were accurate.[1] Leekley pleaded guilty to the offenses as orally amended by the government.
After Leekley pleaded guilty, this court inquired whether the parties desired a presentence investigation report or whether Leekley desired to be sentenced that day. The parties indicated that they did not believe that the preparation of a presentence investigation report was useful, and Leekley's attorney indicated that Leekley desired to be sentenced that day. This court provided Leekley and his attorney an opportunity to address this court. Leekley's attorney requested that this court not incarcerate Leekley because that would jeopardize his career as a merchant mariner. She suggested that a fine would be sufficient punishment.
A pretrial services report was provided to the parties and this court. That report indicated that Leekley had the following history:
*1323 Date of Arrest Agency Charge Disposition 05/15/2005 Hennepin County Cts. 1&2: Driving 03/02/2009: (Age 41) S.O. While Impaired Cts. 1-3: Minneapolis, MN Ct. 3: Traffic-No Dismissed; Case No.: Proof of Insurance Ct. 4: Unknown 27CR0830965 Ct. 4: Speeding 07/01/2007 Hennepin County Cts. 1&2: Operate 10/18/2007: (Age 43) S.O. Motorboat While Cts. 1&2: Minneapolis, MN Impaired Dismissed; Case No.: Ct. 3: Careless Ct. 3: Guilty-1 27CR7042995 Boating year Probation, Fine. 05/11/2011 Minnetrista Public Driving While 06/21/2011: (Age 46) Safety Department Impaired Guilty-30 days Minnetrista, MN Jail followed by 2 Case No.: years of probation 27CR1113605
During the sentencing phase of the hearing, Leekley and his attorney attempted to explain and minimize Leekley's history. After this court noted that it would be imposing a sentence consistent with the factors set forth in 18 U.S.C. § 3553(a), this court imposed the following sentence:
Count One: one year of probation with various special conditions (including attendance of DUI school and a victim impact panel); a fine of $ 200; and a mandatory $ 5 special assessment.
Count Two: a fine of $ 100; and a mandatory $ 5 special assessment.
After this sentence was imposed, this court inquired whether Leekley objected to either the entry of the plea or the sentence imposed. Leekley's attorney responded that Leekley had no objection. More specifically, neither Leekley nor his attorney objected to the term of probation imposed by this court.
On December 18, 2018, the judgment was entered. (Doc. 27). On December 20, 2018, Leekley filed a "Motion for Reconsideration/Objection to Sentence." (Doc. 28). As discussed below, Leekley argues that the sentence imposed by this court was unlawful insofar as it entailed a term of probation.
II. Discussion
A. Lack of Jurisdiction
A federal court may not consider the merits of a motion unless and until it is certain that it has subject matter jurisdiction. See Belleri v. United States , 712 F.3d 543, 547 (11th Cir. 2013). "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co. , 168 F.3d 405, 410 (11th Cir. 1999). A federal court must deny a motion without reaching the merits if it concludes that it has no jurisdiction. Goodman ex rel. Goodman v. Sipos , 259 F.3d 1327, 1331, n. 6 (11th Cir. 2001) (quoting Capitol Leasing Co. v. FDIC , 999 F.2d 188, 191 (7th Cir. 1993) ).
Rule 35(a) of the Federal Rules of Criminal Procedure states that a court may, within 14 days after sentencing, "correct *1324 a sentence that resulted from arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). Pursuant to the explicit time limit imposed by Rule 35(a), a court must act within the requisite 14 days "or not at all." United States v. Phillips , 597 F.3d 1190, 1201 (11th Cir. 2010).[2] Rule 35(a)'s scope and strict deadline were designed "to promote the finality of sentences and enable the parties to appeal a sentence promptly." Phillips , 597 F.3d at 1196. Thus, the 14-day limitation is "jurisdictional," and a court loses its ability to consider a motion to reconsider a sentence upon the expiration of the 14 days. Phillips , 597 F.3d at 1197 ; United States v. Diaz-Clark , 292 F.3d 1310, 1319 (11th Cir. 2002) ; United States v. Morrison , 204 F.3d 1091, 1093 (11th Cir. 2000).
Here, this court sentenced Leekley on December 12, 2018. Eight days later, on December 20, 2018, Leekley filed his motion for reconsideration/objection, leaving this court with only six days-including Christmas-to consider his motion before the 14-day deadline expired. On December 26, 2018, before this court's deadline to rule on Leekley's motion/objection expired, Leekley filed his notice of appeal, which divested this court of jurisdiction to consider the motion/objection. Shewchun v. United States , 797 F.2d 941, 941 (11th Cir. 1986) (per curiam) ("It is the general rule of this Circuit that the filing of a timely and sufficient notice of appeal acts to divest the trial court of jurisdiction over the matters at issue in the appeal....").[3] Because the 14-day deadline imposed by Rule 35(a) has already expired, this court lacks jurisdiction to consider Leekley's motion. Phillips , 597 F.3d at 1201 ; United States v. McGaughy , 670 F.3d 1149, 1157 (10th Cir. 2012) ; United States v. Griffin , 524 F.3d 71, 83 (1st Cir. 2008). For that reason, this court must deny/overrule Leekley's motion/objection.
B. Lawfulness of the Sentence
Additionally, even if this court enjoyed jurisdiction to consider Leekley's motion/objection, Leekley failed to demonstrate that this court committed an error of law when it sentenced Leekley to a term of probation. According to Leekley, the term of probation imposed by this court constituted an unlawful sentence because the law did not authorize this court to impose a term of probation. (Doc. 28 at ¶ 4).
Leekley's conduct occurred on a portion of a military installation-Tyndall Air Force Base-over which the federal government exercised concurrent jurisdiction with the State of Florida.[4] The government, therefore, assimilated Florida law to charge Leekley with the two offenses to which he pleaded guilty. The government typically assimilates state criminal law using the Assimilative Crimes *1325 Act ("ACA"). 18 U.S.C. § 13. "The ACA's basic purpose is one of borrowing state law to fill gaps in the federal criminal law that applies on federal enclaves." Lewis v. United States , 523 U.S. 155, 160, 118 S.Ct. 1135, 1139, 140 L.Ed.2d 271 (1998) (citing Williams v. United States , 327 U.S. 711, 718-19, 66 S.Ct. 778, 781-82, 90 L.Ed. 962 (1946) ). The Act provides:
Whoever within or upon any [federal enclave] is guilty of any act or omission which, although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State ... in which such place is situated, ... shall be guilty of a like offense and subject to like punishment.
18 U.S.C. § 13(a). "The ACA authorizes federal courts to exercise jurisdiction over violations of state law that occur in the special maritime or territorial jurisdiction of the United States if no federal statute proscribes such violations." United States v. Gaskell , 134 F.3d 1039, 1041 (11th Cir. 1998) ; United States v. Brown , 608 F.2d 551, 553 (5th Cir. 1979) ("The purpose of the Assimilative Crimes Act (ACA) is to provide a set of criminal laws for federal enclaves by the use of the penal law of the local state to fill the gaps in federal criminal law.").
Under Florida law, careless driving is not a criminal offense, however. See Pitts v. State , 473 So.2d 1370, 1372 (Fla. 1st DCA 1985) ; Olsen v. State , 452 So.2d 147, 148 (Fla. 2d DCA 1984) (per curiam). Some courts have held that the ACA assimilates non-criminal offenses just as it does a state's criminal code. See, e.g. , United States v. Holmes , No. 96-CR-265, 1998 WL 99364, at *3 (N.D.N.Y. Feb. 26, 1998). After all, the plain language of the ACA states that it assimilates "any act or omission" that would be "punishable" under state law. See 18 U.S.C. § 13(a). Courts ordinarily understand the term "any" to have an expansive meaning. Republic of Iraq v. Beaty , 556 U.S. 848, 856, 129 S.Ct. 2183, 2189, 173 L.Ed.2d 1193 (2009) ; United States v. Gonzales , 520 U.S. 1, 5, 117 S.Ct. 1032, 1035, 137 L.Ed.2d 132 (1997) (plurality opinion). The word is typically used to encompass a wide breadth of conduct. See Boyle v. United States , 556 U.S. 938, 944, 129 S.Ct. 2237, 2243, 173 L.Ed.2d 1265 (2009) ("The term 'any' ensures that the definition has a wide reach.").
Furthermore, the ACA does not explicitly limit the terms "act" and "omission" only to "criminal acts" or "criminal omissions." This further indicates its breadth. Additionally, in the United States Code, Congress typically uses the terms "crime" or "offense" to denote a criminal offense. See, e.g. , 18 U.S.C. § 1 using the term "offense" to classify felonies and misdemeanors); 18 U.S.C. § 2 (using the term "an offense" to refer to crimes against the United States); 18 U.S.C. § 13(b)(2)(A) (using the term "such an offense" to refer to crimes committed in violation of state law); 25 U.S.C. § 1302(e) ("In this section, the term 'offense' means a violation of a criminal law."). Congress usually does not employ the broader terms "act" and "omission" to denote only "criminal acts" and "criminal omissions." Additionally, the term "punishable" can refer to both violations of civil and criminal laws. See Brown v. Entertainment Merchant's Ass'n , 564 U.S. 786, 789, 131 S.Ct. 2729, 2733, 180 L.Ed.2d 708 (2011) (noting that a particular violation of the California Civil Code was "punishable by a civil fine"); Rowe v. N.H. Motor Transp. Ass'n , 552 U.S. 364, 369, 128 S.Ct. 989, 994, 169 L.Ed.2d 933 (2008) (noting that certain violations of state law were "punishable by civil penalties"). Thus, there is a reasonable basis for those decisions that hold *1326 that the ACA assimilates non-criminal violations of state law.
The United States Court of Appeals for the Seventh Circuit has noted that federal courts "are divided on the question of whether state civil offenses may be assimilated under the Assimilative Crimes Act." United States v. Devenport , 131 F.3d 604, 606 (7th Cir. 1997) (citing United States v. Carlson , 900 F.2d 1346, 1347 (9th Cir. 1990) (holding that Hawaii's speeding law is civil and cannot be assimilated) ); United States v. Rowe , 599 F.2d 1319, 1320 (4th Cir. 1979) (per curiam). In Leekley's case, because the Court of Appeals for the Eleventh Circuit has not opined on this issue, the government wisely elected to assimilate the Florida offense under a regulation promulgated by the Department of Defense: 32 C.F.R. § 634.25(f). That provision provides in relevant part:
(f) In those States where violations of traffic law are not considered criminal offenses and cannot be assimilated under 18 U.S.C., DODD 5525.4, enclosure 1 expressly adopts the vehicular and pedestrian traffic laws of such States and makes these laws applicable to military installations having concurrent or exclusive Federal jurisdiction.
32 C.F.R. § 634.25(f).
The genesis of this regulation is relevant to this case. In 1948, Congress delegated to the Federal Works Administrator the power to promulgate "all needful rules and regulations for the government of the federal property under their charge," and authorized penalties for violations of those rules. See Act of June 1, 1948, ch. 359, § 2, 62 Stat. 281 (1948). This provision was codified at 40 U.S.C. §§ 318 - 318d (1948), and originally limited the punishment that could be imposed to a $ 50 fine or imprisonment for 30 days, or both. See United States v. Stansell , 847 F.2d 609, 614 n.6 (9th Cir. 1988) (citing 40 U.S.C. 318(c) ).
Later Congress bestowed this regulatory power on the Administrator of the General Services Administration ("GSA"). In 1981, when the GSA Administrator possessed this power, he, in turn, delegated some of this authority to the Secretary of Defense. See United States v. Boyer , 935 F.Supp. 1138, 1140 (D. Colo. 1996). In a 2002 revision, Congress modified Title 40 and codified the relevant provisions at 40 U.S.C. § 1315(c). See Pub. L. No. 107-217, 116 Stat. 1062 (2002) ; see also United States v. Bichsel , 395 F.3d 1053, 1055 (9th Cir. 2005) (" Section 1315 was enacted in August 2002, and is derived from former 40 U.S.C. § 318."). Congress also passed the Homeland Security Act in 2002. Pub. L. No. 107-96, 116 Stat. 2135 (2002). In that Act, Congress transferred some functions relevant to the security of federal property to the Secretary of the Department of Homeland Security ("DHS"). The current version of the authorizing statute is codified at 40 U.S.C. § 1315(c).
Consistent with the limitations Congress imposed when it authorized such regulations, 32 C.F.R. § 634.25 limits the fine and term of imprisonment that can be imposed for a violation of this regulation to "a fine as determined by the local magistrate or imprisonment for not more than 30 days, or both, for each violation."[5]
*1327 32 C.F.R. § 634.25. A properly promulgated regulation published in the Code of Federal Regulations has the full force and effect of law. See Chrysler Corp. v. Brown , 441 U.S. 281, 295, 99 S.Ct. 1705, 1714, 60 L.Ed.2d 208 (1979) ; First Tenn. Bank Nat'l Assoc. v. Barreto , 268 F.3d 319, 329 (6th Cir. 2001) ; United States v. Schultetus , 277 F.2d 322, 327 (5th Cir. 1960).[6] Therefore, federal regulations should be adhered to and given full effect whenever possible. In re Bankers Trust Co. , 61 F.3d 465, 469 (6th Cir. 1995).
Leekley argues that § 634.25's limitation on the penalties that may be imposed precluded this court from imposing a term of probation. That is, Leekley contends that when the regulation prescribed a fine and 30 days of imprisonment, it meant that a sentencing court could impose only a fine and 30 days of imprisonment , and not a term of probation or, presumably, the special assessment.
The "authority to define and fix the punishment for crime is legislative," not judicial. Ex parte United States , 242 U.S. 27, 42, 37 S.Ct. 72, 74, 61 L.Ed. 129 (1916). Congress "has the power to fix the sentence for a federal crime, and the scope of judicial discretion with respect to a sentence is subject to congressional control." Mistretta v. United States , 488 U.S. 361, 364, 109 S.Ct. 647, 650-51, 102 L.Ed.2d 714 (1989) ; United States v. Wiltberger , 18 U.S. (5 Wheat.) 76, 94, 5 L.Ed. 37 (1820) (Marshal, C.J.) ("[T]he power of punishment is vested in the legislative not the judicial department. It is the legislature, not the court, which is to define a crime, and ordain its punishment."). Accordingly, "judges have no authority to add to the criminal penalties provided in federal statutes" and regulations. United States v. Fountain , 768 F.2d 790, 799 (7th Cir. 1985) ; United States v. Best , 573 F.2d 1095, 1101 (9th Cir. 1978) (holding that courts may not "impose punishments not provided for by the federal statute applicable to the described conduct").
More specifically, "federal courts have no authority to grant probation unless authorized to do so by Congress." United States v. Cannon , 778 F.2d 747, 749 (11th Cir. 1985) ; see Affronti v. United States , 350 U.S. 79, 83, 76 S.Ct. 171, 174, 100 L.Ed. 62 (1955) ("Federal judicial power to permit probation springs solely from legislative action."). A sentence is unlawful if it exceeds the maximum penalty permitted by statute. See Spencer v. United States , 773 F.3d 1132, 1138-40 (11th Cir. 2014) (en banc); United States v. Collins , 40 F.3d 95, 101 (5th Cir. 1994) ("Sentences may not exceed the maximum statutory limit."). Thus, if a statute-or a regulation authorized by statute-precluded this court from imposing a term of probation, then a sentence of probation would be an unlawful sentence.[7]
In Leekley's case, a term of probation was authorized by statute. Specifically, section 3551(a) of Title 18 states:
*1328 (a) In general. -Except as otherwise specifically provided, a defendant who has been found guilty of an offense described in any Federal statute, including sections 13 and 1153 of this title, ... shall be sentenced in accordance with the provision of this chapter so as to achieve the purposes set forth in subparagraphs (A) through (D) of section 3553(a)(2) to the extent that they are applicable in light of all the circumstances of the case.
18 U.S.C. § 3551(a) (emphasis added). This statute goes on to state that an "individual found guilty of an offense shall be sentenced in accordance with the provisions of section 3335, to- (1) a term of probation as authorized in subchapter B." 18 U.S.C. § 3551(b) (emphasis added).
Section 3561 of Title 18 of the United States Code -which is part of the "subchapter B" references in 18 U.S.C. § 3551(b) -provides in relevant part:
(a) In general. -A defendant who has been found guilty of an offense may be sentenced to a term of probation unless-
(1) the offense is a Class A or Class B felony and the defendant is an individual;
(2) the offense is an offense for which probation has been expressly precluded; or
(3) the defendant is sentenced at the same time to a term of imprisonment for the same or different offense that is not a petty offense.
18 U.S.C. § 3561(a) (emphasis added).[8]
It is worth noting that both § 3551 and § 3561 were enacted as part of the Sentencing Reform Act of 1984. Pub. L. 98-473, Title II, Ch. II, § 235(a)(1), 98 Stat. 2031, as amended by Section 4 of Pub. L. 99-217, 99 Stat. 1728 (1985) ; United States v. Duncan , 724 F.Supp. 286, 288 (D. Del. 1989) ("The provisions of the federal probation statutes, 18 U.S.C. §§ 3561 - 3566, ... are part of the comprehensive federal sentencing scheme established under the federal Sentencing Reform Act of 1984 ...."). Thus, § 3551 and § 3561 were enacted after the statute that authorized 32 C.F.R. § 634.25(f) : 40 U.S.C. § 318c, currently codified at 40 U.S.C. § 1315. There is a presumption that Congress is aware of existing federal statutes when it enacts legislation. Miles v. Apex Marine Corp. , 498 U.S. 19, 32, 111 S.Ct. 317, 325, 112 L.Ed.2d 275 (1990) ("We assume that Congress is aware of existing law when it passes legislation."); Goodyear Atomic Corp. v. Miller , 486 U.S. 174, 108 S.Ct. 1704, 1712, 100 L.Ed.2d 158 (1988) ("We generally presume that Congress is knowledgeable about existing law pertinent to the legislation it enacts.").
When it enacted 18 U.S.C. §§ 3551 and 3561, therefore, if Congress wanted to exempt certain statutes or regulations from the generally-applicable rule that courts may sentence defendants to a term of probation, it certainly could have done so. Congress did not elect to do so, however. Furthermore, although there is no direct conflict between the statutes and regulation at issue here, because § 3551 and § 3561 were enacted after 40 U.S.C. § 318c/ 40 U.S.C. § 1315, courts would give effect to § 3551 and § 3561, as these provisions were more recently enacted. See Cal. Pub. Employee's Ret. Sys. v. WorldCom, Inc. , 368 F.3d 86, 104 (2d Cir. 2004) ("It is well established that 'when two statutes are in irreconcilable conflict, we must give effect to the most recently enacted *1329 statute since it is the most recent indication of congressional intent.' ") (quoting In re Ionosphere Clubs, Inc. , 922 F.2d 984, 991 (2d Cir. 1990) ).
By their very terms, § 3551 and § 3561 are generally applicable to defendants convicted of federal offenses, and they authorize federal courts to impose a term of probation on any defendant who does not fall under one of the three exclusions enumerated in 18 U.S.C. § 3561(a). See United States v. Ladue , 866 F.3d 978, 981 (8th Cir. 2017) (noting that § 3561 authorizes courts to impose a term of probation on qualifying defendants); United States v. Moran , 403 F. App'x 222, 224 (9th Cir. 2010) (noting that "Congress specifically authorized the term of probation that was imposed on the defendant" in 18 U.S.C. § 3561 ); United States v. Mueller , 463 F.3d 887, 889 (9th Cir. 2006) (noting that § 3561 authorizes courts to impose a term of probation unless a defendant falls under one of the enumerated exclusions of subsection (a) ); United States v. Caruso , 241 F.Supp.2d 466, 469 (D.N.J. 2003) ("Congress has authorized federal courts to impose probation as an alternative to a term of imprisonment."). Leekley, therefore, has not shown that his case was somehow exempted from § 3561.
As the Court of Appeals for the Eleventh Circuit has noted: "Congress has clearly authorized courts to impose probation as an alternative to a term of imprisonment." United States v. Chavez , 204 F.3d 1305, 1311 (11th Cir. 2000) ; see also United States v. White , 869 F.2d 822, 827 (5th Cir. 1989) (noting that Congress has authorized "probation in all but certain felony cases"). Courts, including the Supreme Court, have understood this authorization to include within its purview defendants convicted of assimilated offenses. See United States v. Nachtigal , 507 U.S. 1, 2, 113 S.Ct. 1072, 1072, 122 L.Ed.2d 374 (1993) (per curiam) (noting that, when sentencing a defendant convicted of an assimilated offense, a court may impose a term of probation pursuant to 18 U.S.C. § 3561 ); United States v. Baer , 575 F.2d 1295, 1299 (10th Cir. 1978) (noting that the district court imposed a term of probation for parking violations assimilated by federal law under the precursor to 40 U.S.C. § 1315 that did not specifically authorize a term of probation); United States v. Duncan , 724 F.Supp. 286, 288 (D. Del. 1989) (holding that the magistrate judge correctly imposed a term of probation for an assimilated offense pursuant to 18 U.S.C. § 3561 ).
By its own terms, § 3561 is generally applicable to defendants "found guilty of an offense," and there is no question that Leekley has been found guilty of two offenses after he pleaded guilty and admitted in open court that he was in fact guilty. See Brady v. United States , 397 U.S. 742, 748, 90 S.Ct. 1463, 1468-69, 25 L.Ed.2d 747 (1970) (noting that a guilty plea "is more than an admission of past conduct; it is the defendant's consent that judgment of conviction may be entered"). When a party contends that an exception to a generally-applicable statute applies, he bears the burden of establishing the existence of the exception and its applicability to his case. FTC v. Morton Salt Co. , 334 U.S. 37, 44-45, 68 S.Ct. 822, 827, 92 L.Ed. 1196 (1948) (noting "the general rule of statutory construction that the burden of proving justification or exemption under a special exception to the prohibitions of a statute generally rests on one who claims its benefits"); McKelvey v. United States , 260 U.S. 353, 357, 43 S.Ct. 132, 134, 67 L.Ed. 301 (1922) ; United States v. Freter , 31 F.3d 783, 788 (9th Cir. 1994) (noting the "well-established rule" that a defendant who claims that an exception applies has the burden of establishing that fact). "That longstanding convention is part of the *1330 backdrop against which the Congress writes laws ...." Meacham v. Knolls Atomic Power Lab. , 554 U.S. 84, 91, 128 S.Ct. 2395, 2400, 171 L.Ed.2d 283 (2008).
Leekley has not carried his burden of showing that he falls under any of the enumerated exceptions to the rule that § 3561 generally authorizes federal trial court judges to impose a term of probation. See 18 U.S.C. § 3561(a). Specifically, he has not shown that he was convicted of a felony, that probation has been expressly precluded for his offense, or that he was sentenced to a term of imprisonment. See Id. "For cases where none of these exceptions applies," therefore, a court may then impose a term so long as it is within "the authorized terms of probation ... found in § 3561(c)...." United States v. Shimshoni , 631 F. App'x 788, 791 (11th Cir. 2015).
Leekley implicitly argues that, although section 3561(a) is generally applicable to federal convictions, it does not apply to his case because the assimilating regulation does not explicitly mention that a term of probation was authorized. (Doc. 28 at ¶ 4). But that argument fails for a number of reasons. First, this court was unable to find any federal statute or regulation defining a criminal offense that also explicitly states that courts are authorized to impose a term of probation. Rather, in criminal statutes, Congress sets forth a maximum term of imprisonment and a maximum fine. Federal criminal statutes that define crimes are silent as to whether a term of probation is authorized, although a few specifically state that probation is not authorized. This makes perfect sense in light of 18 U.S.C. § 3561 and its precursor. Because § 3561 is a statute of general applicability, noting in every criminal statute that a term of probation is authorized simply would be redundant. It is already understood that the generally-applicable statutes authorizing terms of probation, terms of supervised release, and special assessments apply to all crimes unless Congress specifically states otherwise. Because generally-applicable statutes address these subjects, there is no reason to repeat this in every statute and regulation.
Second, when Congress wants to preclude courts from imposing a term of probation, it does not do so sub silentio. Rather, it explicitly informs federal courts that they are not authorized to impose a term of probation. For example, in section 841(b)(1)(A) of Title 21 of the United States Code, Congress specifically stated: "Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under this subparagraph." 21 U.S.C. § 841(b)(1)(A) ; see United States v. Rogers , 228 F.3d 1318, 1320 n.3 (11th Cir. 2000) (noting that Congress precluded a sentence of probation for relevant convictions under section 841(b)(1)(A) ). In § 841(b)(1)(B), § 841(b)(1)(C), § 960(b)(1), § 960(b)(2), and § 960(b)(3) of Title 21, Congress used this same language to preclude courts from imposing sentences that would entail a term of probation. Thus, the fact that Congress did not state that a term of probation was precluded for defendants convicted of regulations enacted pursuant to 40 U.S.C. § 1315 speaks volumes. If Congress wanted to preclude probationary sentences for violations of regulations enacted pursuant to § 1315, it would have done so explicitly, not silently. See Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A. , 511 U.S. 164, 184, 114 S.Ct. 1439, 1451-52, 128 L.Ed.2d 119 (1994) (noting that when Congress demonstrates awareness of an issue by expressly addressing it in one provision, silence on the issue in a similar provision is presumed to be intentional); Assa'ad v. U.S. Att'y Gen. , 332 F.3d 1321, 1331 (11th Cir. 2003) (same).
*1331 Finally, it is worth noting that Leekley's argument has been rejected by at least two other courts. See United States v. Hobbs , No. 92-5452, 1993 WL 7924 (4th Cir. Jan. 15, 1993) ; United States v. Barnes , 732 F.Supp. 831, 833 (E.D. Tenn. 1989) ; see also United States v. Fore-Durham , No. 3:16-cr-10, 2016 WL 2689064, at *1 (E.D. Va. May 9, 2016) (noting that a violation of a traffic offense assimilated pursuant to 32 C.F.R. § 634.25(f) entails a potential punishment of up to five years of probation). In United States v. Hobbs , the Fourth Circuit considered a Department of the Interior regulation-enacted, pursuant to the precursor to 40 U.S.C. § 1315 -that prohibited making loud and disrupting noises. Hobbs , 1993 WL 7924 at *1. The defendant argued that, under 40 U.S.C. § 318c (now codified as amended as 40 U.S.C. § 1315 ), the maximum punishment that could be imposed for a conviction was thirty days of imprisonment, a fine of $ 50, or both, but not a term of probation. Id.
The Court of Appeals rejected that argument on the ground that, in 18 U.S.C. § 3551, Congress generally authorized federal courts to impose a term of probation as part of a sentence for qualifying offenses, and the fact that a particular statute or regulation did not repeat this authorization was irrelevant. Hobbs , 1993 WL 7924 at *2. Accordingly, the Court of Appeals held that the district court lawfully imposed a term of probation as part of the defendant's sentence. Id. As demonstrated above, the same rationale applies to Leekley's case.
For all of these reasons, even if this court still enjoyed jurisdiction to modify or "correct" Leekley's sentence, this court could not grant/sustain Leekley's motion/objection because Leekley has failed to show that this court erred in imposing a sentence that included a term of probation.
III. Conclusion
For the reasons set forth above, Leekley's "Motion for Reconsideration/Objection to Sentence" (Doc. 28) is DENIED/OVERRULED for lack of jurisdiction.
SO ORDERED this 29th day of April, 2019.

At the plea hearing, Leekley stated that the government incorrectly related the date of the offense. According to Leekley, his offenses occurred the day before Thanksgiving Day, which would have been November 22, 2017.

Rule 36 of the Federal Rules of Criminal Procedure also authorizes courts to correct clerical errors in a judgment. Fed. R. Crim. P. 36. But "Rule 36 may not be used 'to make a substantive alteration to a criminal sentence.' " United States v. Portillo , 363 F.3d 1161, 1164 (11th Cir. 2004) (quoting United States v. Pease , 331 F.3d 809, 816 (11th Cir. 2003) ). Leekley clearly is seeking a substantive alteration to his sentence, and there was no clerical error in the judgment regarding Leekley's term of probation, so Rule 36 provides Leekley with no avenue for relief.

In the interest of judicial economy, the District Court later granted this court limited authority to address Leekley's motion/objection to the extent permitted by law.

Art. I, § 8, cl. 17 of the United States Constitution provides that Congress shall have the power: "To exercise exclusive Legislation in all Cases whatsoever ... over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, dock-Yards, and other needful Buildings."

As used in this regulation, the term "local magistrate" has been understood to mean a U.S. magistrate judge.
The term "local magistrate" is not defined by the regulations, and when divorced from the text, is ambiguous. However, given that § 634.25(f) applies to "military installations having concurrent or exclusive Federal jurisdiction," a reasonable construction is that "local magistrate" refers to a United States magistrate judge. To hold otherwise would attempt to confer jurisdiction to a state (or county) judge for offenses taking place on military installations having exclusive federal jurisdiction.
United States v. Deng , 537 F.Supp.2d 1116, 1120-21 (D. Haw. 2008).

A comparison of the statutory and regulatory texts reveals that the regulation differs from the current version of 40 U.S.C. § 1315 insofar as the statute adopts the maximum fines prescribed by Title 18 of the United States Code. See 40 U.S.C. § 1315(c)(2). Because Leekley is not challenging this court's authority to impose a fine, this difference is not relevant.

Of course, regulations "in order to be valid, must be consistent with the statute under which they are promulgated." United States v. Larionoff , 431 U.S. 864, 873, 97 S.Ct. 2150, 2156, 53 L.Ed.2d 48 (1977). The power to issue regulations "is not the power to make law, for no such power can be delegated by Congress, but the power to adopt regulations to carry into effect the will of Congress as expressed by the statute." Manhattan Gen. Equip. Co. v. Comm'r , 297 U.S. 129, 134, 56 S.Ct. 397, 400, 80 L.Ed. 528 (1936).

This statute goes on to limit the terms of probation that can be imposed, but the one-year term that this court imposed on Leekley did not exceed the five-year ceiling set by this provision. 18 U.S.C. § 3561(c).